UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD E. SCHERER, SR.,

      Plaintiff,                      Case No. 2:11-cv-635
                                       JUDGE GREGORY L. FROST
     v.                               Magistrate Judge Mark R. Abel

JPMORGAN CHASE & CO., et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 9), Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 18), and Defendants' Reply Memorandum in Support of Motion to Dismiss Plaintiff's Complaint (ECF No. 23). For the reasons that follow, the Court **GRANTS** Defendants' motion.

## I. Background

The facts in this section are taken from the complaint, the state court record in *Bank One Ohio Trust Company, N.A., v. Ronald E. Scherer, Sr. et al.*, No. 430379-C, (Franklin Cty. Ohio Probate Ct.) ("Probate Action"), of which this Court takes judicial notice, and documents that are referred to in Plaintiff's complaint and are central to his claims. *See Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."); *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim").

1

Bank One Trust Company, N.A. ("Bank One") was trustee under a trust agreement with Roger L. Scherer, dated 1979 and restated in 1981. (ECF No. 2;Compl. ¶¶ 3, 41.) Roger Scherer funded the trust with the stock of his companies, Scherer Investment Company and Northern News Company, which were engaged in the wholesale magazine distribution business ("Family Business"). *Id.* ¶¶ 38, 39. After Roger Scherer died in April 1982, the Scherer trust was divided into three subtrusts: (a) a trust for Roger's son, Plaintiff Ronald E. Scherer, Sr. ("Scherer"); (b) a trust for Roger's daughter, Linda Scherer Talbott; and (c) a "wife and mother trust" for Roger's surviving spouse and his mother. *Id.* ¶¶ 4, 40, 49. The collective value of the trusts exceeded $26,000,000.00 in 1998. *Id.* ¶ 3.

After his father's death, Scherer became the chief executive in charge of the day-to-day operations of the Family Business owned by the trusts. *Id.* ¶ 6. Between 1990 and 2003, while Scherer was the executive in charge of the Family Business, his relationship with Bank One "eroded" because of disputes concerning Scherer's alleged failure to timely provide financial information about the Family Business to the trustee. *Id.* ¶¶ 9, 10.

In 1994, Bank One filed a lawsuit against Scherer in the Franklin County, Ohio Probate Court (the "1994 Action") for Scherer's alleged refusal to provide information about the Family Business. *Id.* ¶ 9(f). In 1995, the parties settled the 1994 Action by executing a Non-Disclosure Agreement, requiring Scherer to disclose the information previously requested by Bank One. *Id.*, Ex. 2 ¶ 1. The agreement also required Scherer to provide Bank One with information about the Family Business on "an ongoing basis and in a timely manner." *Id.*

By November 2003, the relationship between Bank One and Scherer had "deteriorated" to the point that Bank One retained litigation counsel and sought to prepare a final trust

accounting, obtain probate court approval, and resign as trustee. (ECF No. 2 ¶ 11.) In April 2004, Scherer sought to remove Bank One as trustee. *Id.* ¶ 12.

In September 2004, Bank One filed the Probate Action in the Franklin County, Ohio Probate Court.[1] *Id.* ¶ 61. The law firm of Zeiger, Tigges & Little LLP and attorney Steven Tigges (the other named defendants in the instant action) served as Bank One's counsel throughout the lawsuit. *Id.* ¶¶ 17, 63. In the Probate Action, Bank One sought to compel Scherer to produce information allegedly needed to prepare a final trust accounting, wind up Bank One's trusteeship, and appoint a successor trustee. Bank One alleged that Scherer had breached the 1995 Non-Disclosure Agreement by not providing information to the trustee and that he had also engaged in wrongful and unauthorized dealings with trust assets.

On January 3, 2006, Scherer and his family (his sister and three adult children) filed a counterclaim against Bank One, asserting various causes of action including breach of fiduciary duty, defamation and fraud. *Id.* ¶ 62.

On February 28, 2006, Bank One filed a "Further Claim and/or Third-Party Complaint" against Scherer, alleging additional claims for breach of fiduciary duty against Scherer as the person in charge of day-to-day management of the Family Business. *Id.* ¶¶ 63, 64, 66; Exs. 6, 7.

On August 10, 2007, Scherer filed proposed counterclaims, asserting "fraudulent misrepresentation" and "abuse of process" against Bank One. Specifically, Scherer alleged that Bank One's "accounting contains numerous entries and information that are incorrect and it misrepresents numerous transaction(s)," which were made for the "ulterior purpose" of

---

[1]Probate Judge Lawrence A. Belskis was the original presiding judge in the Probate Action, but the case was reassigned to the Honorable Richard Sheward in January 2006 when Judge Belskis recused himself.

3

"attempt[ing] to obtain a release for its administration of the Trust." *See* Probate Action, *Scherer's Motion for Leave to File Counterclaim*.

The case was tried to the probate court on August 13, 2007 through August 28, 2007. The probate court issued its decision on May 14, 2008, finding that Scherer had misappropriated $6,202,623.00 of trust assets. *Bank One Ohio Trust Company, N.A. v. Ronald E. Scherer, Sr. et al.*, No. 430379-C, slip op. at ¶¶ 98, 107, 108 (Franklin Cty. Ohio Probate Ct. May 14, 2008). The court dismissed Scherer's counterclaims as a sanction for failure to comply with discovery orders and for destruction of relevant evidence. The court also entered final judgment against Scherer. *Id.*

On November 24, 2009, the Ohio Tenth District Court of Appeals unanimously affirmed both the $6,202,623.00 judgment against Scherer for improper diversion of trust assets and the dismissal of Scherer's counterclaims. *Bank One Trust Company, N.A., v. Ronald E. Scherer, Sr.*, Nos. 08AP-494, 08AP-517, 08AP-526, 2009 WL 4049123 (Ohio Ct. App. Nov. 24, 2009). The appellate court, however, reversed the trial court's judgment as to Scherer's family's counterclaims and the final accounting as it related to them. The court remanded the case to the probate court for a hearing on the family's counterclaims and the accounting of the beneficiaries "other than" Scherer. *Id.* at 30.

Scherer appealed the affirmance of the money judgment against him to the Ohio Supreme Court, which rejected his appeal on April 14, 2010. *Bank One Trust Co., N.A. v. Scherer*, 124 Ohio St.3d 1540 (2010). After remand, the probate court held a trial on the remaining issues from July 18, 2011 through July 28, 2011. At the conclusion of the trial, the probate court took the matter under advisement and has not yet issued a decision.

4

On July 18, 2011, Scherer filed this action. In the complaint, Scherer alleges three claims for relief. First, Scherer alleges that Defendants violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by "[m]aking false statements of fact during the course of the 2004 Franklin County Probate Action" in pursuit of a "False Debt Claim" against Scherer. (ECF No. 2 at ¶¶ 71-78.) Second, Scherer alleges that Defendants committed "abuse of process" by perverting the Probate Action through the "use of false, deceptive or misleading representations and evidence" submitted during that lawsuit. *Id.* ¶¶ 81-82. And, third, Scherer filed a civil conspiracy claim alleging that Defendants conspired to misrepresent facts "to the Franklin County Probate Court during the 2004 Franklin County Probate Action, all for the purpose of attempting to insulate the Bank from liability for its misconduct." *Id.* ¶¶ 85-88.

## II. Standard

Defendants argue that each of Plaintiff's claims for relief fail to state a claim upon which relief can be granted and that the entire action is barred by the doctrine of collateral estoppel. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "The court must 'accept all the . . . factual allegations as

true and construe the complaint in the light most favorable to the Plaintiff[].' "
*Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The doctrine of collateral estoppel is properly raised on a Rule 12(b)(6) motion to dismiss. *See Palmer v. Manor Care, Inc.*, 11 Fed. Appx. 567, 569 (6th Cir. 2001) ("we conclude that the district court properly relied on collateral estoppel to grant the defendant's motion to dismiss").

### III. Discussion

Although Defendants argue that each of Scherer's claims for relief fail to state a claim upon which relief can be granted, the Court need not address those arguments because it agrees with Defendants that the entire action must be dismissed pursuant to the doctrine of collateral estoppel.

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Consequently, when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Thus, this Court looks to Ohio law to determine the preclusive effect of the judgment entered against Scherer in the Probate Action. *See City of Canton, Ohio v. Maynard*, 766 F.2d 236, 237-38 (6th Cir. 1985).

"Under Ohio law, the doctrine of *res judicata* consists of 'the two related concepts of claim preclusion, also known as *res judicata* or estoppel by judgment, and issue preclusion, also

known as collateral estoppel.' " *Doe ex rel. Doe v. Jackson Local Schs. Sch. Dist.*, No. 10-3272, 422 Fed. Appx. 497, 2011 U.S. App. LEXIS 9715, 2011 WL 1792814, at *3 (6th Cir. May 11, 2011) (quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59 (2007)). The doctrine of issue preclusion "holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Fort Frye Teachers Ass'n v. State Employment Relations Bd.*, 81 Ohio St. 3d 392, 395 (1998), *rev'd in part on other grounds*, 102 Ohio St. 3d 283 (2004). Where, as here, collateral estoppel is invoked defensively, mutuality of parties is not required; only the party against whom issue preclusion is applied (here Scherer) must have been a party or privy to the underlying action. *McCrory v. Children's Hosp.*, 28 Ohio App. 3d 49, 53-54 (Ohio Ct. App. 1986); *Schroyer v. Frankel*, 197 F.3d 1170, 1178 (6th Cir. 1999) (reasoning that Ohio law allows the use of non-mutual defensive collateral estoppel if the plaintiff was afforded "a fair opportunity to fully litigate the issue"); *McAdoo v. Dallas Corp.*, 932 F.2d 522, 525 (6th Cir. 1991) ("We do not read Ohio law as insisting on mutuality in defensive collateral estoppel cases[.]").

Defendants posit that the underlying premise for all of Scherer's claims is that Defendants falsely accused Scherer of misappropriating trust assets and falsely accused Scherer of refusing to provide Bank One with necessary information about the trust-owned Family Business. After careful review of Scherer's 40-page complaint, this Court agrees with Defendants' assessment of the premise of Scherer's claims. Therefore, collateral estoppel bars Scherer's claims because the issues on which they are premised were already litigated and

7

decided against him in the Probate Action.

Plaintiff, however, argues that the Probate Action should not be given preclusive effect because (1) the Probate Action did not result in a final judgment against him, (2) that, even if the judgment were a final judgment is was obtained by fraud and/or misrepresentation, (3) that the judgment was obtained by default and that Scherer had no full and fair opportunity to defend against it, and (4) the Probate Action did not adjudicate the issues presented in the instant action.

## A. Final Judgment

Plaintiff argues that he is not precluded from prosecuting the case *sub judice* because the Probate Action did not result in a final judgment against him. Plaintiff contends:

> As a matter of both Ohio and Federal law, an order, judgment or other form of decision which does not resolve all claims against all parties in an action is not a "final" judgment, and does not adjudicate any claims. Ohio Rules of Civil Procedure Rule 54(B); Fed. R. Civ. P. 54(b). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).
>
> Likewise, when a once final judgment is partially reversed on appeal and remanded for further proceedings, there is no "final" judgment until resolution of all claims against all parties, as expressly required by Rule 54. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506 (6th Cir. 2001). *Cf.* Restatement (Second) of Judgments §13, Comment f ("The judgment ceases to be final if it is in fact set aside").

(ECF No. 18 at 32.) Scherer's arguments are not well taken.

The November 24, 2009, Ohio Tenth District Court of Appeals decision upon which Scherer relies affirmed in part and reversed in part the final merits decision issued in the Probate Action. Case law interpreting Rule 54 of the Federal Rules of Civil Procedure is inapposite to the issue before this Court. *See Jalapeno Prop. Mgmt.*, 265 F.3d at 513 (finding that a district court's judgment as to some of the claims before it "did not begin the running of the statute of limitations for purposes of appeal"). Instead, the Ohio Supreme Court has unequivocally held

8

that "a judgment may be final in a *res judicata* sense as to part of an action although the litigation continues as to the rest." *Phung v. Waste Management, Inc.*, 71 Ohio St. 3d 408, 412 (1994) (quoting Restatement 2d, Judgments, § 13, cmt. e). The fact that a partial affirmance "[is] not a final disposition of [the] entire case . . . is irrelevant" for preclusion purposes. *Id.* ("The fact that our action was not a final disposition of Dr. Phung's entire case -- his intentional-infliction-of-emotional-distress claim remained remanded for trial -- is irrelevant."); *see also Shimko v. Lobe*, 152 Ohio App. 3d 742, 758 (10th Dist. 2003) (holding that the claims that had been dismissed in a previous lawsuit by a judgment that had been affirmed in part and reversed in part were barred in a subsequent action because "the trial court's judgment in the initial action became valid and final as to those claims")

Here, as in *Phung* and *Shimko*, the $6,202,623.00 judgment against Scherer, which was affirmed on appeal and denied further appeal by the Ohio Supreme Court, is final in all respects necessary for proper application of the doctrine of issue preclusion. The appellate court unequivocally and unanimously affirmed the $6,202,623.00 judgment against Scherer for improper diversion of trust assets. The appellate court reversed only that part of the decision that did not deal with Scherer in any way. Thus, Scherer is precluded from litigating before this Court all issues that were determined by the Probate Court in reaching that judgment.

**B. Judgment Obtained by Fraud/Misrepresentation**

In the complaint, Scherer alleges that the Probate Action was obtained through Bank One's and its attorneys' fraud upon and/or misrepresentations made to the probate court. In his memorandum in opposition to Defendants' motion to dismiss, Scherer claims:

> A judgment, even if final, obtained through fraud, misrepresentation or other impropriety will not have preclusive effect. *Mallis v. Bankers Trust Co.*, 1978 U.S.

> Dist. LEXIS 15184, Fed. Sec. L. Rep. (CCH) P96569 (S.D. N.Y. 1978); *Burbrooke Mfg. Co. v. St. George Textile Corp.*, 283 A.D. 640; 129 N.Y.S.2d 588 (1954). *Cf.*, *McCormick v. Braverman*, 451 F.3d 382, 398 n. 12 (6th Cir. 2006) (Court implicitly acknowledges that allegations of "fraud, misrepresentation or other impropriety" would impact determination of whether the non-moving party was afforded a "full and fair" opportunity to actually litigate).

(ECF No. 18 at 33.) Scherer's argument is not well taken.

Initially, the Court notes that while Scherer acknowledges in his memorandum in opposition that Ohio collateral estoppel law controls, he relies here upon law from the state of New York. However, as Defendants correctly point out, the Southern District of Ohio has interpreted Ohio law in a way that is contrary to the law of New York upon which Scherer relies. In *Kline v. Mortgage Elec. Sec. Sys.*, No. 3:08cv408, 2011 WL 1118485, at *4-5 (S.D. Ohio Feb. 16, 2011), another judge in this District evaluated the preclusion doctrines under Ohio law and explained that there is no fraud or collusion exception to the finality of a judgments. In *Kline*, the plaintiff argued against the application of claim and/or issue preclusion, asserting that "neither form of preclusion applies where there are allegations that the prior judgment might have been tainted or otherwise impacted by fraud." *Id.* at *4 (internal quotation marks omitted). In rejecting the plaintiff's argument, the *Kline* court explained:

> As a recent decision out of this very Court astutely has recognized, however, if a plaintiff "believes [that a] Common Pleas judgment was obtained by fraud on that court, [his] remedy is by way of a motion for relief from judgment under Ohio R. Civ. P. 60(b), not by way of a collateral attack on that court's judgment." *See Thyne v. GMAC Mort. Corp.*, No. 3:09–cv–377, 2010 WL 3075185, at *4 (S.D. Ohio Aug.4, 2010) (Merz, M.J.).

*Id.* at *5. *See also Thyne*, 2010 WL 3075185, at *4. This Court agrees with the *Kline* and *Thyne* decisions and finds that Scherer's argument that the judgment against him was obtained by fraud on the state probate court does nothing to change the nature of the finality of that

10

judgment for preclusion purposes. If Scherer believed that the judgment against him was obtained by a fraud committed on the probate court, that argument should have been made in a Rule 60 motion to that court.

## C. Default and Full and Fair Opportunity to Defend

Scherer next argues that the claims filed in this action are not precluded by the doctrine of collateral estoppel because the judgment against him was a "default" judgment against which he had no "full and fair" opportunity to defend:

> Even if the May 15, 2008[2] Judgment were deemed to be final, it would not have preclusive effect in this instance, because Scherer did not have a full and fair opportunity to litigate the claims embodied in it. That judgment was entered by default – a default premised upon the fraudulent notion that the Bank did not have the required data pertaining to the Scherer Family Trusts and that Scherer had not provided discovery when, in fact, he had.
>
> Those assertions by [Defendants here] were accepted by the Franklin County Probate Court, but are alleged to be and are demonstrably false. Therefore, the May 15, 2008 Judgment does not have preclusive effect. *McCormick v. Braverman*, [451 F.3d 382, 398 n. 12 (6th Cir. 2006)]; *Mallis v. Bankers Trust Co.*, [1978 U.S. Dist. LEXIS 15184, Fed. Sec. L. Rep. (CCH) P96569 (S.D. N.Y. 1978)].

(ECF No. 18 at 34.) Scherer's arguments are not well taken.

Initially, the Court notes that the judgment to which Scherer refers was not a default judgment but was instead the result of a two week trial and was premised upon nearly 50 pages of factual findings. The Probate Court found:

> [I]n 1999, Ronald E. Scherer, Sr., without the Trustee's knowledge or consent, systematically began liquidating the remaining assets of the Scherer Family Business and otherwise engaging in transactions outside of the usual course of business . . . . These . . . transactions . . . diverted millions of dollars of cash and other assets that

---

[2] Throughout the complaint and his memorandum in opposition to Defendants' motion to dismiss, Scherer refers to this opinion as being issued on May 15, 2008. The opinion, however, was issued on May 14, 2008.

11

> should have been paid to the Trustee [Bank One] . . . .
>
> The Trustee provided credible, reliable and compelling evidence that since 1999, Ronald E. Scherer, Sr. improperly diverted a total of $6.2 million of trust assets . . . . Mr. Scherer, Sr. either directed each of these unauthorized transactions, or he or non-trust companies owned by him received the benefits from the transactions. . . . The Court agrees with the following convincing testimony of the Trustee's witness, Sara Smith: "[B]ased on the information that I reviewed in my investigation, . . . there is a common theme to most of these transactions. Assets are disappearing off of the balance sheets of these companies at the direction of Mr. Scherer. Mr. Scherer is either directly or indirectly receiving the economic benefit."

*Bank One Ohio Trust Company, N.A. v. Ronald E. Scherer, Sr. et al.*, No. 430379-C, slip op. at ¶¶ 98, 107, 108 (Franklin Cty. Probate Ct. May 14, 2008). The probate court entered final judgment against Scherer in the amount of $6,202,623 for his misappropriation of trust assets. The Tenth District Court of Appeals unanimously affirmed this judgment, finding that the evidence of Scherer's improper diversion was so compelling that it was "nearly one-sided" against him:

> The probate court found . . . [Scherer] improperly diverted $6.2 million of trust assets. . . . [W]hile Bank One had to overcome a difficult discovery process in reconstituting the record of the transactions that formed the basis of the probate court's award, the evidence is not only sufficient to sustain the probate court's factual conclusions regarding the transactions but is nearly one-sided in support of these conclusions.

*Bank One Trust Company, N.A., v. Ronald E. Scherer, Sr.*, Nos. 08AP-494, 08AP-517 & 08AP-526, 2009-Ohio-6192, 2009 WL 4049123 at ¶ 49, 53 (Ohio Ct. App. Nov. 24, 2009).

The appellate court's reference to "a difficult discovery process" speaks to Sherer's argument that the dismissal of his counterclaims was "premised upon the fraudulent notion that the Bank did not have the required data pertaining to the Scherer Family Trusts and that Scherer had not provided discovery when, in fact, he had." (ECF No. 18 at 34.) That issue too, however, was fully litigated before the probate court and decided against Scherer.

12

On December 20, 2005, the probate court held that Trustee needed additional information from Scherer to prepare its trust accounting and ordered him to immediately produce the necessary information:

> Defendants [(including Ronald E. Scherer, Sr.)] claim that all discovery requests have been complied with, and they point to a letter of December 19, 2003 and a fax of January 28, 2004 as evidence of their compliance. These documents do not provide Plaintiff [(the Trustee)] with sufficient information for them to prepare the final account. Therefore the [Trustee's] motion to compel is GRANTED. Defendants are hereby ordered to comply with all pending requests immediately and costs associated with this motion shall be paid by Defendants.

*Bank One Ohio Trust Company, NA, Trustee Under Agreement Dated June 14, 1979 with Roger L. Scherer, Deceased v. Ronald E. Scherer, Sr. et al.*, No. 430379-C, slip op. at 2 (Franklin Cty. Ohio Probate Ct. Dec. 20, 2005).

On December 22, 2005, the probate court issued another order, further explaining that Scherer must comply with the Trustee's discovery requests in order to enable the Trustee "to determine the current value of the trust." *Id.*, slip op. (Franklin Cty. Ohio Probate Ct. Dec. 22, 2005). The court further ordered: "Failure of Defendants to comply with this order will result in a charge of civil contempt of Court, and Defendants will be charged $250 per day until there is compliance with the discovery requests or until a further order of the Court." *Id.* at 2-3.

Over three months later, the probate court found that Scherer had still failed to produce all responsive documents and identified the specific categories of information that Scherer was required to produce to Bank One. *Id.*, slip op. (Franklin Cty. Ohio Probate Ct. April 12, 2006). After four more months, the probate court found Scherer was "blatantly flouting the discovery process," was "failing to act in good faith," and was "subject to sanction." *Id.*, slip op. (Franklin Cty. Ohio Probate Ct. August 31, 2006).

13

On January 4, 2007, the probate court issued Findings of Fact and Conclusions of Law, again specifically deciding that "[t]he Trustee's document requests seek information that is not only relevant and material to the subject matter of this lawsuit and necessary for preparation of an accurate Trust accounting, it is also directly relevant to Defendants' Counterclaim filed January 3, 2006." *Id.*, slip. op. at 2, ¶ 6 (Franklin Cty. Ohio Probate Ct. Jan. 4, 2007). The court found that Scherer had violated the four previous discovery orders by failing to produce three broad categories of documents. *Id.* at 2, 6-12, ¶¶ 6, 19-37. The court also found that any missing documents about Scherer's alleged improper transfers of assets resulted from his "wrongful destruction of evidence that he knew was relevant to this case." *Id.* at 7, ¶ 24. The court concluded that Scherer's disobedience to court orders was "willful and in bad faith," and was "so reprehensible, irresponsible, and contumacious that more warnings and further similar discovery sanctions would be futile." *Id.* at 13, ¶ 5. Scherer was also found to be guilty of contempt of court. *Id.* at 12-13, ¶¶ 1-9.

On February 1, 2007, the probate court entered a final Judgment Entry dismissing Scherer's original counterclaim with prejudice as a discovery sanction and holding him in contempt for his "repeated and willful disobedience of the Court's orders." *Id.*, slip. op. at ¶ 2 (Franklin Cty. Ohio Probate Ct. Feb. 1, 2007). The probate court also reduced to final judgment the daily contempt fine of $250 set forth in the court's December 22, 2005 Entry for each day of Scherer's discovery noncompliance, for a total of $74,750.00. *Id.* ¶ 3.

The Ohio Tenth District Court of Appeals affirmed the contempt judgment against Scherer on June 17, 2008, expressly finding that "the evidence supports the trial court's finding that Ronald [Scherer] willfully disobeyed the Court's four discovery orders and its imposition of

14

a punitive sanction." *Bank One Trust Co., N.A. v. Scherer*, 176 Ohio App. 3d 694, at ¶ 29 (Ohio Ct. App. 2008). The appellate court also later affirmed the dismissal of Scherer's counterclaim with prejudice. *Bank One Trust Co., N.A. v. Scherer*, Nos. 08AP-494, 08AP-517, 08AP-526, 2009 WL 4049123 at ¶¶ 31-37 (Ohio Ct. App. Nov. 24, 2009).

In light of these decisions, Scherer is precluded from relitigating the issue of whether Bank One falsely accused him of refusing to provide it with trust-related information about the Family Business. Scherer has had a full and fair opportunity to litigate this issue and repeatedly lost on it in the Probate Action. Moreover, as Defendants correctly point out, a litigant cannot use sanctions resulting from his own discovery misconduct as a basis for arguing that he did not have a full and fair opportunity to litigate issues at trial. For example, in a case directly on point, *Muegler v. Bening*, 413 F.3d 980 (9th Cir. 2005), the appellant argued that the district court erred in dismissing his action based on issue preclusion. The appellant asserted that issue preclusion should not apply because discovery and trial sanctions prevented him from having a full and fair opportunity to actually litigate the issues in the bankruptcy proceedings. The appellate court rejected this argument because the sanctions "were a result of [the appellant's] own obstructionist tactics." *Id.* at 985. The court explained that whether the appellant had a full and fair opportunity depended on the opportunities available at the outset, and not on the "opportunities taken away from him due to his abuse of the discovery process." *Id.* (affirming the district court's dismissal of the claims based on collateral estoppel).

Similarly, the court in *In re Docteroff*, 133 F.3d 210 (3d Cir. 1997), held that a judgment entered as a sanction for willful and bad faith discovery violations had issue preclusive effect: "Permitting him to relitigate the issue in light of his original rejection of a full and fair

15

opportunity to litigate would implicitly endorse his abuse of the judicial process." *Id.* at 216. And, in *In re Bush*, 62 F.3d 1319 (11th Cir. 1995), the court determined that a litigant against whom a default judgment was entered as a sanction for "dilatory and deliberately obstructive" discovery conduct chose not to take advantage of the opportunity to litigate: "Where a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so, and even attempts to frustrate the effort to bring the action to judgment, it is not an abuse of discretion for a district court to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action." *Id.* at 1325.

As in these cases, Scherer had a full and fair opportunity to litigate all of the issues before the probate court. To hold otherwise would reward Scherer for his discovery misconduct.

**D. Issues Presented**

As to Scherer's last argument against dismissal of the instant action pursuant to the doctrine of issue preclusion, he contends that the issues presented to this Court "are not identical to the issues presented in the Franklin County Probate Proceedings [because] [t]hose proceedings did not pertain to the Fair Debt Collection Practices Act, nor to a claim for abuse of process." (ECF No. 18 at 34.) This Court disagrees with Scherer's proposition.

The Ohio Supreme Court has held that "[t]he doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, *whether the*

*cause of action in the two actions be identical or different*." *Fort Frye Teachers Ass'n, OEA/NEA*, 81 Ohio St. 3d at 395 (emphasis added). Here, the probate court has ruled against Scherer on every issue on which his claims for relief in this action are premised. Consequently, the fact that Scherer has alleged different legal theories in this case than he did in his counterclaims in the Probate Action is of no consequence.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 9.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**