UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD E. SCHERER, SR.,

    Plaintiff,

v.

JPMORGAN CHASE & CO., et al.,

    Defendants.

Case No. 2:11-cv-635
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion for Sanctions (ECF No. 19), Plaintiff's Response to Motion for Rule 11 Sanctions (ECF No. 26), and Defendants' Reply Memorandum in Support of Motion for Sanctions (ECF No. 28). For the reasons that follow, the Court **DENIES** Defendants' motion.

**I.  Background**

On July 18, 2011, Ronald E. Scherer, Sr. ("Scherer") filed this action. In the complaint, Scherer alleges three claims for relief. First, Scherer alleges that Defendants violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by "[m]aking false statements of fact during the course of the 2004 Franklin County Probate Action" in pursuit of a "False Debt Claim" against Scherer. (ECF No. 2 at ¶¶ 71-78.) Second, Scherer alleges that Defendants committed "abuse of process" by supposedly perverting the Probate Action through the "use of false, deceptive or misleading representations and evidence" submitted during that lawsuit. *Id.* ¶¶ 81-82. And, third, Scherer filed a civil conspiracy claim alleging that Defendants

conspired to misrepresent facts "to the Franklin County Probate Court during the 2004 Franklin County Probate Action, all for the purpose of attempting to insulate the Bank from liability for its misconduct." *Id.* ¶¶ 85-88.

On October 3, 2011, Defendants filed a motion to dismiss this action and on December 29, 2011, this Court granted Defendants' motion to dismiss, concluding that this action was barred by the doctrine of collateral estoppel. (ECF No. 29.)

On November 3, 2011, Defendants filed Defendants' Motion for Sanctions, which is ripe for review.

## II.  Standard

Defendants move for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The rule also provides that

> [i]f, after notice and a reasonable opportunity to respond, the court determines that

> Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

This Court also has "the inherent power to sanction a party when that party exhibits bad faith[.]" *Youn v. Track, Inc.*, 324 F.3d 409, 420-21 (6th Cir. 2003) (citing, *inter alia*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). "These powers come not from rule or statute but from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Stalley v. Methodist Healthcare*, 517 F.3d at 911, 920 (6th Cir. 2008) (quoting *Chambers*, 501 U.S. at 43). "Even if there were available sanctions under statutes or various rules in the Federal Rules of Civil Procedure . . . the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

### III.  Discussion

Defendants move for an order imposing sanctions against Scherer, his legal counsel, and their respective law firms because:

> (i) they make materially false factual allegations in the complaint; (ii) Plaintiff's claims are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and (iii) this action was filed for the improper purpose of harassing Defendants and needlessly increasing the costs of litigation.

(ECF No. 19 at 1.)

While the Court finds that the facts before it present a very close call, it is not inclined to grant the sanctions Defendants request. Even though counsel for Scherer should have been more familiar with preclusion law and, perhaps, more careful with the wording utilized in the

3

complaint, it does not appear to the Court that counsel filed this action for the improper purpose of harassing Defendants and increasing the cost of litigation.  Scherer's counsel, however, are cautioned to evaluate their potential cases more carefully so that they do not run afoul of their obligations under the Federal Rules of Civil Procedure.

### IV.  Conclusion

For the reasons set forth above, the Court **DENIES** Defendants' Motion for Sanctions. (ECF No. 19.)

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**
